IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.

Defendants.

CIVIL ACTION NO. 05-195S

**SETTLING DEFENDANTS' JOINT OPPOSITION**
**TO MOTION BY EMHART INDUSTRIES TO INTERVENE**

Brook Village Associates Limited Partnership and Centerdale Manor Associates Limited Partnership (the "Settling Defendants") oppose the motion by Emhart Industries ("Emhart") to intervene for unlimited purposes and to conduct discovery with respect to the settlement amounts in the Consent Decrees under review before this Court. During the public comment period, Emhart previously objected to the proposed settlement, and its comments have already been considered by the United States and the State of Rhode Island and made part of the administrative record. Emhart's intervention, if any, should be limited to review of the additional materials that accompanied the motion by the United States for entry of the Consent Decree and filing a brief based on the materials before this Court.

The Settling Defendants object to any effort by Emhart to conduct discovery as part of its proposed intervention. The Settling Defendants have already provided extensive information to the United States and Rhode Island concerning the finances of their respective partnerships for

the two highly regulated, affordable housing projects for the elderly. The United States has reviewed that information, including an assessment of reserves, rents, expenses, capital improvements, and debt.

The United States and Rhode Island have also made inquiry as to the general partners of the two partnerships and are aware that the general partners have assets separate and apart from the assets of the limited partnerships that operate the affordable housing. In an exercise of their discretion, however, the governments have decided, for the reasons stated in their briefs (including a desire not to chill private investment in state regulated affordable housing), not to pursue the assets of the general partners. *See* Memorandum of the United States, p. 27; Declaration of Carol Ventura, Director of Rhode Island Housing and Mortgage Finance Corporation ("RI Housing"), ¶ 27. Emhart may choose to argue, incorrectly, that despite the urgent need for affordable elderly housing in Rhode Island, it is not in the public interest for the United States and Rhode Island to consider the effect of unresolved CERCLA liability on the incentives for individuals to invest in the development of affordable housing. Emhart can make that argument, however, without conducting discovery into the assets of the general partners, as the governments have already considered such assets.[1]

Similarly, the governments in an exercise of their discretion, have decided not to require the Settling Defendants to convert the apartments from affordable elderly housing units to units to be rented or sold at market rates. Instead, the governments decided to use RI Housing's underwriting requirements for its Preservation Refinancing program to determine the maximum

---

[1] It is also notable that the Federal Rules of Civil Procedure do "not permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence." 10 FEDERAL PROCEDURE, LAWYERS EDITION § 26:93 (Lawyers Cooperative Publishing 1994) (and cases cited therein). That general rule is particularly apt here, where the United States and the States made a decision based on policy, rather than financial considerations, not to pursue the general partners.

amount of equity that may be obtained from the Settling Defendants' principal assets (the apartment buildings) while still preserving their participation in the affordable housing programs for another 40 years. The underwriting requirements for RI Housing's Preservation Refinancing program include, among other things, federal and state regulatory requirements for maintaining property reserves in Section 8 housing. Emhart may attempt to argue, incorrectly, that a settlement that seeks to preserve 231 units of affordable elderly housing while also generating funds to contribute to the site remediation is not in the public interest. Emhart may not, however, conduct discovery in an effort to persuade this Court that RI Housing should adopt a different set of underwriting standards for its Preservation Refinancing program, or that more money could be extracted from the Settling Defendants to fund remediation efforts if the apartment units were converted to condominiums and sold at market rates.

To the extent that Emhart would seek to demonstrate that either of the defendants could generate additional settlement funds through private market financing, this Court should not ignore the irony in Emhart's argument. The very purpose of Emhart's intervention motion is to oppose entry of the settlement so that it can make contribution claims against the Settling Defendants, thus capturing additional money to help defray Emhart's anticipated cleanup obligations. In the first instance, this Court should defer to the policy judgment by the United States and the State of Rhode Island that preservation of the affordable housing is an important goal that they wish to further through maintenance of these properties in the Section 8 program. Moreover, it does not require either discovery or an advanced degree in economics to question what market-based financial institution would provide financing to the Settling Defendants with the threat of Emhart's contribution litigation hanging over the properties that would be the collateral for such financing. Indeed, Rhode Island Housing, even with the incentive to ensure

the continued supply of affordable housing, would not provide the Preservation Refinancing that is the source of the settlement funds without entry of the Decrees. *See* EPA's Response to Comments, p 18, and App 3, Declaration of Carol Ventura, ¶26.

The Court, in reviewing the proposed settlements, is to determine whether entry of the Consent Decrees is fair, reasonable, consistent with the goals of CERCLA, and in the public interest. *United States* v. *Cannons Eng'g Corp.*, 899 F.2d 79, 85 (1st Cir. 1990). In doing so, the Court should look at the settlements as a whole, giving due deference to the compromise reached by the settling parties, their own assessments of litigation risks, and the expertise of the government agencies involved. *Id.* at 84. The discovery apparently sought by Emhart is neither necessary nor permissible.

Indeed, courts routinely conduct this review based on the administrative record and without any discovery or evidentiary hearings. *Id.* at 94 ("In general, we believe that evidentiary hearings are not required under CERCLA when a court is merely deciding whether monetary settlements comprise fair and reasonable vehicles for disposition of Superfund claims."). As the *Cannons* court noted, "to grant inevitably lengthy hearings in [CERCLA cases] would either frustrate the express intent of Congress to encourage settlement or negate the benefits of … settlement." *Id.*, *citation omitted.* Indeed, imposition of the burden of discovery on the Settling Defendants would itself act as a disincentive towards private investment in these situations.

Accordingly, this Court should limit any intervention by Emhart to the filing of a brief based on the materials submitted by the United States in support of entry of the Decrees.

**Respectfully submitted,**

**BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP**

**By its attorneys,**

William S. Eggeling (RJW)

**William S. Eggeling**
**(RI Bar #4008)**
**Ropes & Gray LLP**
**30 Kennedy Plaza**
**Providence, Rhode Island 02903**
**Ph: (401) 455-4425**
**Fx: (401) 455-4401**

**CENTERDALE MANOR ASSOCIATES LIMITED PARTNERSHIP**

**By its attorneys,**

Richard J. Welch

**Richard J. Welch**
**(RI Bar #4497)**
**Moses Afonso Jackvony, Ltd.**
**170 Westminster Street, Suite 201**
**Providence, Rhode Island 02903**
**Ph: (401) 453-3600**
**Fx: (401) 453-3604**

## CERTIFICATE OF SERVICE

I, Richard J. Welch, hereby certify that I caused to be mailed via first class mail, postage prepaid, the enclosed Joint Opposition to the below referenced counsel on the 13th day of March, 2006.

Henry S. Friedman
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources
U.S. Department of Justice
Washington, D.C. 20044-7611

Luis Matos
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Brian A. Wagner
Deputy Chief Legal Counsel
RIDEM—Office of Legal Services
235 Promenade Street
Providence, Rhode Island 02908

Michael Milito, Esquire
Rhode Island Housing and
Mortgage Financing Corporation
44 Washington Street
Providence, Rhode Island 02903

Laurie Burt, Esquire
Seth Jaffe, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Terence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main Street
Providence, Rhode Island 02903

Craig M. Scott, Esquire
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903

Warren Anthony Fitch, Esquire
Jerome C. Muys, Jr., Esquire
L. Misha Preheim, Esquire
3000 K Street, NW, Suite 300
Washington, DC 20007

Eve Vaudo, Esquire
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress Street
Suite 1100
Boston, MA 02114-2023

Howard J. Castleman, Esquire
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111

James P. Ray, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Richard J. Welch

wpdata/centredale/revised joint brief in opposition to Emhart intervention