IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.

Defendants.

CIVIL ACTION NO. 05-195S

## OPPOSITION OF THE STATE OF RHODE ISLAND TO MOTION BY EMHART INDUSTRIES, INC. TO INTERVENE

The State of Rhode Island ("Rhode Island") hereby opposes the motion by Emhart, Industries, Inc. ("Emhart") to intervene in this action. As set forth in the Opposition filed by the United States, Emhart's purported interest in pursuing contribution claims against the Settling Defendants does not justify intervention under either Rules 24 (a) and (b) of the Federal Rules of Civil Procedure or Section 113(i) of CERCLA. 42 USC Sec. 6113(i). Rhode Island joins the opposition filed by the United States.

Rhode Island also joins the United States in opposing as unwarranted and inappropriate any attempt by Emhart to conduct discovery in these proceedings. Like the United States, Rhode Island has a preeminent duty to protect the health of its citizens and natural resources, and to ensure that contaminated sites, such as the Centredale Manor Site, are cleaned up. The settlements with these two elderly housing partnerships are particularly in the public interest because they not only further the plaintiffs' cleanup goals; they also advance Rhode Island's

interest in providing and preserving affordable housing for its citizens in need. In an exercise of discretion, the United States has determined that the Settling Defendants qualify as "peripheral parties" who have a limited ability to pay clean-up costs while continuing to provide affordable elderly housing at the Site. Utilizing its expertise, including independent review of the State and federal financing requirements for affordable housing projects, EPA has determined that the amounts to be provided towards the cleanup of the Site by these defendants represents the maximum equity that they have in the projects and thus is the limit of their ability to pay.

Rhode Island and the United States have also decided, as a matter of policy, not to pursue the assets of the general partners.[1] In making that policy determination, the plaintiffs have in relied in significant part on the expertise of the Rhode Island Housing and Mortgage Finance Corporation ("RI Housing"), which has concluded that holding private investors of affordable housing "individually responsible for contamination of these properties prior to their ownership would have a potentially chilling effect on the willingness of the private market to invest in [affordable housing] developments. Declaration of Carol Ventura, ¶ 27. In addition, imposition of liability on the general partners "could induce Brook Village and Centerdale Manor to eliminate the low-income housing on this Site, requiring the relocation of approximately 240 elderly residents, to protect the general partners' individual assets." United States' Memorandum, at 27.

Such results would have dire consequences for the citizens of Rhode Island. Rhode Island is facing a severe shortage of affordable housing, with waiting lists for Section 8 housing

---

1 Therefore, no further discovery into those assets is warranted. See United States v. Cannons Engineering Corporation, 899 F.2d 79, 94 (1st Cir. 1990) ("In general, we believe that evidentiary hearings are not required under CERCLA when a court is merely deciding whether monetary settlements comprise fair and reasonable vehicles for disposition of Superfund claims.").

"as long as five years in some parts of the state." Ventura Declaration, para. 14. "Displacing residents in an extremely tight housing market would likely lead to increased homelessness and would certainly worsen the housing situation for the affected residents." Id., para. 16. See also Letter from Senator Chafee and Representatives Kennedy and Langevin in support of proposed settlement, attached as an exhibit to the United States Memorandum) (noting the "urgent need to preserve and maintain an adequate supply of affordable housing in Rhode Island" and commending a settlement which "helps clean up pollution along the Woonasquatucket River and maintains the affordability of housing for our senior citizens).

In addition, Rhode Island and the United States, in a reasonable exercise of discretion, have relied on Rhode Island Housing to determine, based on the its underwriting guidelines, the maximum equity that could be realized from a Preservation Refinancing of the Settling Defendants' affordable housing properties. Rhode Island Housing's determination has been reviewed and confirmed by EPA's independent financial analyst. See Declaration of Joan K. Meyer, Ph.D. Emhart should not be permitted to conduct discovery in an attempt to persuade this Court that RI Housing should apply different underwriting guidelines in administering its Preservation Refinancing program. Rather, this Court should give substantial deference to the expert determinations by the agencies involved in administering their programs. See Pepperell Associates v. U.S. E.P.A., 246 F.3rd 15, 22 (1st Cir. 2001) ("[A] reviewing court must also afford [agency] policy judgments substantial deference, deferring to them unless they are arbitrary, capricious, or otherwise 'plainly' impermissible.... The policy favoring deference is particularly important where, as here, a technically complex scheme is backed by an even more complex and comprehensive set of regulations"). Under these circumstances, Emhart's motion to intervene should be denied.

Respectfully submitted:

STATE of RHODE ISLAND
DEPARTMENT of ENVIRONMENTAL
MANAGEMENT
By its attorney:

Brian A. Wagner (R.I. Bar No. 4033)
Deputy Chief Legal Counsel
RIDEM - Office of Legal Services
235 Promenade Street
Providence, RI 02908

Tel. - (401) 222-6607
Fax - (401) 222-3378

PATRICK LYNCH, ATTORNEY GENERAL
By his attorney:

Terence Tierney (R.I. Bar No. 2583)
Special Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, RI 02903

Tel. - (401) 274-4400
Fax - (401) 273-4270

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2006, a copy of the within Opposition Of The State Of Rhode Island To Motion By Emhart Industries To Intervene was forwarded to

Henry S. Friedman
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Henry.Friedman@usdoj.gov

Louis Matos, Esq.
United States Attorney's Office, Dist. of R.I.
50 Kenney Plaza, 8th Floor
Providence, RI 02903

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, MA 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903
rwelch@mosesafonso.com

William S. Eggeling
Rope & Gray LLP
30 Kennedy Plaza
Providence, RI 02903
(401) 455-4400
william.eggeling@ropesgray.com

Howard J. Castleman
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
hcastleman@brownrudnick.com

Michael Milito
Rhode Island Housing and Mortgage Finance Corporation
44 Washington Street
Providence, RI 02903
mmilito@rihousing.com

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116
jcmuys@swidlaw.com

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

By regular mail, postage pre-paid.

[signature]
3/13/06