IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.<br>Defendants. | CIVIL ACTION NO. 05-195S |

**PLAINTIFF UNITED STATES' PROPOSED DOCUMENT PRODUCTION TO LIMITED INTERVENOR EMHART INDUSTRIES, INC. AND PROPOSED SCHEDULE**

Pursuant to the Court's April 3, 2006 ruling granting Emhart Industries, Inc. ("Emhart") limited permissive intervention, the United States submits the following proposal regarding additional documents which the United States and Defendants should provide to Emhart. The United States also respectfully proposes a schedule including the document production, a briefing schedule, and a hearing date on its Motion to Enter the Consent Decree.

## I. PROPOSED DOCUMENT PRODUCTION

The Court ruled that Emhart will be allowed to intervene for the purposes of filing an Opposition to the United States' Motion to Enter the Consent Decree, arguing its opposition at a hearing, and filing an appeal from any ruling on the Motion to Enter. In its Submission Regarding Scope of Documentation and Other Information, Emhart argues that the alleged

inconsistencies in the financial analysis performed by the United States, combined with the United States' decision to not individually pursue each general partner, limited partner, or other entity that constitutes these partnerships, should allow it complete access to the files and documents of the United States and the Defendants. However, the Court's determination as to whether the proposed Consent Decree meets the legal requirements for entry as an order of the Court does not require any facts, or arguments based on these facts, that Emhart may make if granted such broad discovery. The legal standards applicable to the United States' Motion to Enter the Consent Decree do not require the consideration, as Emhart suggests, of the minutiae of every fact, or whether the settlement extracts every last dollar from an entity. Instead, the First Circuit has set forth a review process that requires an overall analysis of a settlement to determine whether the proposed settlement is "reasonable, fair, and consistent with the purposes that CERCLA is intended to serve." United States v. Cannons Eng'g Corp., 899 F.2d 79, 85 (1st Cir. 1990). Many subsequent decisions by the First Circuit, as well as other courts, describe the same broad analysis of a proposed settlement.[1] Further, as the First Circuit found in Cannons, "[t]he relevant standard, after all, is not whether the settlement is one which the court itself might have fashioned, or considers as ideal . . ." Cannons, 899 F.2d at 84.

A determination by this Court of whether the proposed Consent Decree is reasonable, fair, and consistent with the purposes of CERCLA does not require the Court to conduct its own financial analysis of the Defendants, or to choose between the financial analysis done by the United States and the analysis Emhart is likely to present to the Court. Instead, the Court only

---

[1] See United States v. Charles George Trucking, Inc., 34 F.3d 1081 (1st Cir. 1994), United States v. Davis, 261 F.3d 1 (1st Cir. 2001).

needs to determine if the financial analysis performed by the United States, which relied on its outside expert Dr. Joan Meyer as well as the refinancing requirements of Rhode Island Housing and Mortgage Finance Corp., was sufficiently reasonable and sufficiently fair.

Therefore, the United States proposes that Emhart be given the following documents that would allow it to fully analyze the work done by the United States:

1. Financial Statements for Centerdale Manor from 1999 - 2003;
2. Financial Statements for Brook Village from 1999 - 2003;
3. Most recent Financial Statement for Centerdale Manor for 2004 (already provided to Emhart by Rhode Island Housing);
4. Most recent Financial Statement for Brook Village for 2004 (already provided to Emhart by Rhode Island Housing);
5. The Rhode Island Housing Underwriting Model for Brook Village (dated July 6, 2004); and
6. The Rhode Island Housing Underwriting Model for Centerdale Manor (dated November 11, 2004).

While Emhart requests all up-to-the-minute financial information from the Defendants, the United States did not and could not have utilized this information in conducting its financial analysis of the Defendants during the settlement negotiations related to the proposed Consent Decree which concluded in late 2004, and which the United States updated in its Motion to Enter the proposed Consent Decree. The determination of whether the settlement was reasonable, fair, and consistent with the purposes of CERCLA does not, and can not, depend on the moving target of up-to-the-minute financial information. A settlement, and the accompanying financial

analysis must be based on the information known and knowable at a specific point in time. Therefore the United States does not propose the production of the monthly or updated financial information that Emhart requests.

Emhart has also asked for extensive information from the United States and the Defendants regarding the finances of the entities constituting their partnerships. The Court does not need to determine, or hear arguments about, the amount of assets that the general partners, limited partners, and entities constituting these partnerships may have. Instead, the necessary determination is whether or not the Consent Decree is still reasonable, fair, and consistent with the purposes of CERCLA in light of the United States' exercise of its prosecutorial discretion to not pursue all these entities. For this purpose, Emhart can make its legal arguments, and the Court can rule on the parties' arguments for and against entry of the proposed Consent Decree, assuming that at least one of the general partners, limited partners, or entities constituting these partnerships has some assets.

The United States does not propose to provide additional documents to Emhart regarding the finances of the entities that constitute the Defendants' partnerships. However, the United States does note that in 2003 the Environmental Protection Agency provided Emhart with a copy of Brook Village's and Centerdale Manor's responses to information collection requests under CERCLA. These responses contain information related to the partnership structures of both Defendants.

Finally, Emhart seeks an order that would require both the United States and Brook Village and Centerdale Manor to produce their entire file related to the settlement embodied in the proposed Consent Decree. Given the information already available to Emhart, and the

additional documents proposed for production herein by the United States, this requests is overly broad in its scope. These files contain a large quantity of privileged or confidential information and disputes over these privilege claims could needlessly drag out the document production. It goes without saying that the United States has not been privy to Brook Village's or Centerdale Manor's counsel's internal documents related to the arms-length negotiations between the parties. For Emhart to suggest that the Environmental Protection Agency's own Ability to Pay Policy requires the production of these types of documents related to settlements is misplaced. The fact that a policy says that the Environmental Protection Agency should keep a file on a settlement does not in any way indicate that this file should be produced to a third party.

Therefore, the United States does not propose to provide its settlement file to Emhart.

## II. PROPOSED SCHEDULE

In order to minimize the delay that Emhart's limited intervention will cause to the parties, the United States respectfully proposes the following briefing and hearing schedule:

1. Document Production to Emhart: 3 calendar days from the Court's ruling on the scope of document production.
2. Emhart's Opposition to United States Motion to Enter: 10 calendar days from the date of document production.
3. United States', Rhode Island's, and Defendants' Reply to Emhart's Opposition: 10 calendar days from the date of Emhart's Opposition.
4. Hearing on the United States' Motion to Enter: approximately 10 calendar days

from the date of the Replies.[2]

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

ROBERT CLARK CORRENTE
United States Attorney

By: ______________________________
LUIS MATOS (R.I. Bar No. 4475)
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903
(401) 709-5000

OF COUNSEL:

EVE VAUDO
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress St., Suite 1100
Boston, Ma. 02114-2023

---

[2] Due to calendar conflicts, counsel requests that a hearing not be set on either May 26 or May 30.

CERTIFICATE OF SERVICE

I, Jerome W. MacLaughlin, hereby certify that copies of the United States' Proposed Document Production to Limited Intervenor Emhart Industries, Inc. And Proposed Schedule, and Proposed Order, were served on April 20, 2006 by first class mail, postage prepaid, and by electronic mail, as follows:

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, Ma. 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, R.I. 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corp.
44 Washington St.
Providence, RI. 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI. 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, R.I. 02903
Ttierney@riag.ri.gov

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116
jcmuys@swidlaw.com

Craig Scott
Duffy Sweeny & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
cscott@duffysweeney.com

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

Jerome W. MacLaughlin
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611