UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | ) | C.A. No. 05-195S<br>Lead Case |
| STATE OF RHODE ISLAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, et al.,<br><br>Defendants. | ) | C.A. No. 05-203S<br>Member Case |

**ORDER**

WILLIAM E. SMITH, United States District Judge

The United States of America, by the authority of the Attorney General and on behalf of the United States Environmental Protection Agency ("EPA") and the Department of the Interior, has filed proposed Consent Decrees pursuant to settlement agreements with Brook Village Associates Limited Partnership ("Brook Village") and Centerdale Manor Associates Limited Partnership ("Centerdale Manor"). The proposed Consent Decrees resolve the United States' claims under Sections 106 and 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C.

§§ 9606 and 9607(a), and Section 7003 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6973, against Brook Village and Centerdale Manor relating to natural resource damages and response costs that have been or will be incurred at or from a Site known as the Centredale Manor Superfund Site.

Emhart Industries, Inc. ("Emhart") filed a Motion to Intervene under Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"). EPA, the State of Rhode Island, Brook Village, and Centerdale Manor all objected to Emhart's Motion. Oral argument was heard on April 3, 2006.

At the conclusion of the argument on the Motion, this Court granted Emhart's Motion, permitting limited intervention under Rule 24(b). This Court invited the parties to submit suggestions as to the proper role of Emhart with regard to the proposed Consent Decrees. After review of submissions regarding the appropriate scope of Emhart's limited intervention, this Court orders as follows:

1. EPA shall produce the contents of its settlement case files to Emhart by **May 24, 2006**. EPA may: (a) redact or withhold all privileged or confidential information; and (b) remove all information regarding the finances of the general partners, limited partners, and other entities that constitute Brook Village and Centerdale Manor.

2. By **May 24, 2006**, EPA shall provide the Court with: (a)

a log of the information redacted or withheld as confidential or privileged; (b) a brief memorandum explaining why the redacted or withheld information is either confidential or privileged; and, if necessary to support its decision to redact or withhold, (c) a copy of **all** the information in EPA's case files that was redacted or withheld as confidential or privileged, for in camera review.

3. If the following documents are not contained within the case files that EPA produces to Emhart, and if same are in the possession of EPA, then these documents shall be produced to Emhart by **May 24, 2006**: (a) the Rhode Island Housing Underwriting Model for Brook Village, dated July 6, 2004; (b) the Rhode Island Housing Underwriting Model for Centerdale Manor, dated Nov. 11, 2004; (c) financial statements for Centerdale Manor from 1999-2003; (d) financial statements for Brook Village from 1999-2003; and (e) copies of Brook Village's and Centerdale Manor's responses to information collection requests under CERCLA (even though already provided to Emhart in 2003).

4. By **May 24, 2006**, EPA shall provide Emhart with a brief written explanation for each of the following six entries: (a) Centerdale Manor's "Environmental expenses" and "Entity expenses" as disclosed in Table B-1 in Appendix B to the Meyer Declaration; (b) Brook Village's "Antenna rental & insurance," "Legal and professional fees," "Insurance recoveries," and "Partnership income - PRP/interest expense" as disclosed in Table D-1 in Appendix D to the Meyer Declaration.

5. Emhart may brief and argue the legal requirements applicable to the proposed Consent Decrees lodged with this Court for consideration and approval. Emhart may assume the general partners, limited partners, and other entities that constitute Brook Village and Centerdale Manor have assets. Emhart's Objection to Plaintiff's Motion to Enter Consent Decrees is due **June 14, 2006**.

6. Replies to Emhart's Objection shall be filed by **June 28, 2006**.

7. Emhart shall have the right to appeal from this Court's ruling on the Motion to Enter Consent Decrees.

By Order,

[signature]
Deputy Clerk

ENTER:

[signature]
William E. Smith
United States District Judge

Date: 5/4/06