IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-195S |
| BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL. | ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES' MOTION FOR CLARIFICATION**

On May 4, 2006 the Court issued an Order requiring, inter alia, the Environmental Protection Agency ("EPA") to "produce the contents of its settlement case files" to intervenor Emhart Industries, Inc. ("Emhart"). The United States respectfully requests clarification of the term "settlement case file" in order to fully comply with the Court's Order.

As Emhart noted in its proposed Scope of Documentation, EPA's Ability to Pay guidance suggests that it maintain a file in which it keeps "documents relied upon in conducting the [Ability to Pay] analysis." (Intervenor Emhart's proposed Scope of Documentation at p. 7, quoting EPA ATP Guidance pp. 14-15). Included in the Ability to Pay file would be the financial documents which EPA used to determine a party's Ability to Pay. Also included would be any documents exchanged between counsel for EPA and counsel for settling defendants Brook Village or Centerdale Manor in which one side or the other sought clarification of, or provided information on, any financial matter. Also included would be any financial information in EPA's possession used by Rhode Island Housing in analyzing the proposed refinancing of the

Brook Village and Centerdale Manor properties. Finally, the Ability to Pay file would also include all documents used in any way by Dr. Joan Meyer, EPA's outside expert on the financial status of the settling defendants.

Not included in the Ability to Pay file would be settlement communications more generally related to discussions between EPA and the settling defendants. These documents do not specifically relate to, or include information related to, the ability to pay analysis conducted by EPA. These documents would include, for example, exchanges of draft Consent Decrees between the parties in which counsel comment on, and request changes to, the language of the proposed Decree. Also not included in the Ability to Pay file would be other documents exchanged between counsel for EPA and settling defendants related to other, non-financial, aspects of settlement from mundane topics such as the scheduling of meetings up to the very sensitive topic of overall prospects for settlement or litigation postures if the case proceeded to litigation.

If the Court's Order is read to include literally the entire settlement case file of EPA related to Brook Village and Centerdale Manor, all of these documents would need to be produced.[1] The production would occur even if these non-financial settlement discussion documents may ultimately be inadmissable as evidence under Federal Rules of Evidence 408.

Furthermore, Emhart's intervention is limited to the financial aspects of the proposed Consent Decree, not all aspects of the settlement discussions between EPA and the settling defendants. Emhart, in its intervention, is opposing the entry of the proposed Consent Decree

[1] In this case, the United States does not intend to assert any "Settlement Privilege" under which the United States could withhold any of the non-financial settlement discussion exchanges between EPA and the settling defendants,

because it claims EPA did not conduct a proper ability to pay analysis as part of the settlement negotiations between EPA and Brook Village and Centerdale Manor.[2] Because Emhart's intervention is limited to contesting EPA's ability to pay analysis, the United States requests clarification that the Court's Order of May 4, 2006 does not require the EPA to produce settlement documents unrelated to the ability to pay analysis as the documents would not be relevant under Federal Rule of Civil Procedure 26(b)(1).

The United States believes that the non-financial settlement documents in EPA's possession that are not contained in its Ability to Pay file should not be subject to the Court's Order as they are not relevant to Emhart's claims under F.R.C.P. 26(b)(1) and the production would be beyond the scope of the limited intervention granted to Emhart.

Therefore, the Court's determination and further clarification of its May 4, 2006 Order requiring EPA to "produce the contents of its settlement case files" is respectfully requested in light of the potential conflicting interpretations regarding the scope of the documents covered by that phrase.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division

---

[2] Emhart's claim that EPA conducted an inadequate ability to pay analysis is also based on the financial contribution to the settlement amount that could have come from the assets of the partners constituting Brook Village and Centerdale Manor. This is also an argument based on the financial aspects of the settlement.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

ROBERT CLARK CORRENTE
United States Attorney

By: ______________________________
LUIS MATOS (R.I. Bar No. 4475)
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903
(401) 709-5000

OF COUNSEL:

EVE VAUDO
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress St., Suite 1100
Boston, Ma. 02114-2023

## CERTIFICATE OF SERVICE

I, Jerome W. MacLaughlin, hereby certify that copies of the United States' Motion for Clarification was served on May 10, 2006 by first class mail, postage prepaid, and by electronic mail, as follows:

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, Ma. 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, R.I. 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corp.
44 Washington St.
Providence, RI. 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI. 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, R.I. 02903
Ttierney@riag.ri.gov

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116
jcmuys@swidlaw.com

Craig Scott
Duffy Sweeny & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
cscott@duffysweeney.com

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

Jerome W. MacLaughlin
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611