**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP**<br><br>**&**<br><br>**CENTERDALE MANOR ASSOCIATES LIMITED PARTNERSHIP,**<br><br>**Defendants.** | **Civil Action No. 05-195S** |

**RESPONSE OF INTERVENOR EMHART INDUSTRIES, INC.**
**TO PLAINTIFF UNITED STATES' MOTION FOR CLARIFICATION**

Intervenor Emhart Industries, Inc. ("Emhart"), through its attorneys, respectfully submits this response to Plaintiff United States' motion for clarification.

**PRIOR PROCEEDINGS IN THIS ACTION**

On February 22, 2006, Emhart filed a Motion to Intervene, along with a supporting memorandum of points and authorities, seeking leave to participate in the Court's consideration of the Government's Motion to Enter Consent Decrees and to provide to the Court in the course thereof Emhart's analysis of the proposed settlements encompassed in the proposed Consent Decrees. Following a hearing on April 3, 2006, the Court granted Emhart's Motion to Intervene. The Court also ordered Emhart and the Parties to provide the Court with suggestions as to the range of materials which Plaintiffs and Defendants should provide with respect to Emhart's and the Court's analysis of the proposed Consent Decrees.

On April 13, 2006, Emhart filed its submission regarding the scope of documentation and other information necessary to review the proposed settlements/consent decrees. In that submission, Emhart requested that EPA be required to produce "EPA's case file relating to the decision to enter into ATP settlements with each of the two partnerships, *including but not limited to EPA's ATP analysis and its narrative description of that analysis*." Emhart's Submission, at 7 (emphasis added). Emhart further explained that, as reflected in EPA's own ATP Guidance, files and records maintained by EPA personnel relating to (i) EPA's negotiations with representatives of the two partnerships, (ii) EPA's contacts with others acting on behalf of one or both of the partnerships, (iii) EPA's various analyses of the ATP Candidates' financial condition, (iv) EPA's projections, if any, of the partnerships' future operations in their present manner, without the proposed financings, and (v) EPA's analyses of the proposed financings and related arrangements are essential to evaluating the fairness of the proposed settlements/Consent Decrees. Emhart further noted that the materials produced from EPA's case file should include documents submitted by or on behalf of each of the two partnerships in connection with the request for and negotiation of the proposed settlements/Consent Decrees. This is because "EPA's ATP Guidance clearly recognizes that financial *and other information* submitted by ATP Candidates such as the two Defendants in this action is central to EPA's consideration of ATP settlements and therefore of the Court's review of such proposed settlements/Consent Decrees." Emhart's submission, at 9 (emphasis added).

The Government objected to the scope of Emhart's proposal, arguing that, "Emhart seeks an order that would require both the United States and the Brook Village and Centerdale Manor to produce their entire file related to the settlement...." Government's Submission, at 4.

After considering the parties' respective submissions, on May 4, 2006, the Court ordered,

*inter alia*, "EPA shall produce the contents of its settlement case files to Emhart by May 24, 2006. EPA may (a) redact or withhold all privileged or confidential information; and (b) remove all information regarding the finances of the general partners, limited partners, and other entities that constitute Brook Village and Centerdale Manor." Order, at 2.

The Government now seeks "clarification" from the Court as to the scope of this Order.

**DISCUSSION**

As an initial matter, what the Government styles a "motion for clarification" is really nothing more than a motion for reconsideration. This Court's May 4, 2006 Order does not require any clarification: That Order makes clear that EPA must produce all of its case files, not just the limited subset of those files that EPA now calls its "Ability to Pay file." The Government's claim that it is confused about the scope of the Court's Order is undermined by its own submissions to this Court. In its submission regarding the proposed scope of discovery, the Government stated that "Emhart seeks an order that would require both the United States and the Brook Village and Centerdale Manor to produce their entire file related to the settlement…." Government's Submission, at 4. The Court rejected the Government's concerns and ordered the Government to produce "the contents of its settlement case files." Notwithstanding the Government's claims that it does not know what that means, it means exactly what the Government originally said that it means – that the Government must produce their "entire file related to the settlement," i.e. "the contents of its settlement case file."

Not only is the Order abundantly clear, but the scope of the Order makes perfect sense in light of the concerns raised by Emhart with respect to the proposed Consent Decrees. In an effort to rewrite that Order, and significantly curtail the scope of discovery, the Government seeks to narrow Emhart's challenge and, in so doing, misstates Emhart's position. The

Government states that "Emhart's intervention is limited to the financial aspects of the proposed Consent Decree..." and, therefore, "non-financial settlement documents... should not be subject to the Court's Order." Motion for Clarification, at 2-3. This statement is inaccurate. As Emhart explained in its submission, Emhart is entitled to review not only the underlying financial information considered by EPA, but also any other documents exchanged between the Defendants and EPA, or between third-parties on behalf of the Defendants and EPA, and documents relating to negotiations between the parties. This is because, as Emhart has previously noted, one of its concerns is that other, non-financial considerations caused the Government to curtail the normal ATP settlement process and strike what appears to be a lop-sided deal with the Defendants.[1]

Moreover, the Government concedes that any documents relating to the "overall prospects for settlement or litigation postures if the case proceeded to litigation" are not included in the Ability to Pay file. That information is most certainly relevant to Emhart's objection, particularly given the Government's position that "[f]actors considered by courts reviewing CERCLA consent decrees for fairness include 'the strength of the plaintiffs' case, the good faith efforts of the negotiators, the opinions of counsel, and the possible risks involved in the litigation if the settlement is not approved.'" United States' Memorandum in Support of Its Motion to Enter Consent Decree, at 14-15 (citations omitted).

Finally, it would seem to go without saying that the Government – with its apparently one-dimensional interest in ratification of the Consent Decrees - should not be permitted to pick and choose the documents it believes are related to the requisite analysis. Rather, as the Court

---

[1] Indeed, Emhart believes that if the Government had performed a true and accurate Ability to Pay analysis, without the influence of extraneous considerations, it would have achieved a far different result than what is reflected in the proposed Consent Decrees.

has made clear, Emhart and the Court should be allowed to consider the entirety of EPA's case files when assessing the veracity of the proposed Consent Decrees.

For all these reasons, and as the Court made clear in its Order, EPA is required to produce "the contents of its settlement case files," not simply the limited portion of those files that EPA deems to comprise its so-called "Ability to Pay" file.[2]

## CONCLUSION

For the reasons stated above, and for such other reasons as may appear to the Court, Emhart respectfully requests that the Court deny the United States' Motion for Clarification.

[2] Any concerns the Government may have with producing privileged information are alleviated by the Court's Order, which provides that EPA may "redact or withhold all privileged or confidential information." Indeed, the fact that the Court included this provision would seem to underscore the Court's expectation that EPA's case files would include more than simply financial documents.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By Its Attorneys,

Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

/cs

Warren Anthony Fitch, Esq. (admitted *pro hac vice)*
L. Misha Preheim, Esq. (admitted *pro hac vice)*
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000, -6695
(202) 373-6001 (Facsimile)

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of May, 2006, I caused a true copy of this Opposition to be forwarded to the following by electronic mail and first class mail, postage prepaid:

Jerome MacLaughlin, Esq.
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Henry.Friedman@usdoj.gov

Eve Vaudo, Esq.
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress Street
Suite 1100 (SES)
Boston, MA 02114-2023
vaudo.eve@epamail.epa.gov

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, MA 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, RI 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, RI 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight
10 St. James Avenue, 12th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corporation
44 Washington Street
Providence, RI 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
RI Department of the Attorney General
150 North Main Street
Providence, RI 02903
Ttierney@riag.ri.gov

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

*[signature]* ______________________