IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | |
| v. | CIVIL ACTION NO. 05-195S |
| BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL. Defendants. | |

**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS PROVIDED TO INTERVENOR EMHART INDUSTRIES, INC.**

IT IS HEREBY ORDERED that the following provisions shall govern disclosure and use of all documents provided by the plaintiffs, defendants, and/or Rhode Island Housing and Mortgage Finance Corporation to the intervenor, Emhart Industries, Inc. ("Emhart"), including without limitation documents provided pursuant to this Court's Orders dated May 4 and May 17, 2006, ("Discovery Materials"):

1. *Materials Stamped "Confidential"*

Any individual or entity producing or giving Discovery Materials may in good faith designate any such materials or portions thereof as "Confidential" by means of a stamp or other designation on the documents of the word "Confidential." Except as otherwise agreed to between counsel for the parties (the term "parties," as used herein, shall include Emhart), such designation shall be made at the time such materials are produced or given.

2. Unless otherwise ordered by this Court, Discovery Materials designated "Confidential" shall be maintained in confidence by the counsel of record for the party to

whom such materials are produced or given solely for use in connection with this action, and shall not be disclosed by such counsel to any person except:

(a) the Court;

(b) the legal, clerical, or other support staff assigned to assist such counsel in the preparation of this litigation;

(c) the parties to this action;

(d) independent experts retained to testify or consult regarding this case; and

(e) any other person upon written consent from counsel for the party which produced or gave such Discovery Materials.

Before any person, other than a person referred to in subparagraphs "a" and "b" of this paragraph 2 may be given access to Discovery Materials designated "Confidential", that person shall be provided with a copy of this Order and shall execute the Agreement To Be Bound By Protective Order (the "Agreement To Be Bound"), which is annexed hereto.

3. Any person receiving Discovery Materials designated "Confidential" shall not reveal or discuss such materials to or with any person who is not entitled to disclosure of such materials under paragraph 2 hereof.

4. Should any document or information designated as "Confidential" hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then such persons shall automatically be bound by this Order and such person (i) shall be informed promptly of all the provisions of the Order by the receiving party; (ii) shall be identified immediately to the producing party;

and (iii) shall sign the "Agreement to be Bound" in the form attached hereto., which shall be served on the producing party. Should any document or information designated as "Confidential" disclosed pursuant to the producing party's permission and agreement to a party not entitled to receive the same hereunder, such receiver shall likewise sign the "Agreement to be Bound" attached hereto.

5. Nothing herein shall prohibit any of the parties:

(a) from using Discovery Materials designated "Confidential" or from referring to or reciting any information contained in such materials, in connection with any proceeding in this action, provided that such Discovery Materials shall be filed under seal and that any party may request that the Court order that a party and/or its counsel refrain from referring in open court to such confidential materials and that information contained therein and any testimony regarding such materials be heard by the Court with all persons not entitled to disclosure of such materials under paragraph 2 excluded, or

(b) from seeking further protection with respect to the use of any Discovery Materials.

6. The inadvertent production of any privileged or otherwise protectable materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to the attorney-client privilege, the protection afforded to work product materials, the protection afforded to trade secrets or other confidential and proprietary business information, or the subject matter thereof. Upon

receiving written notice from the producing party that the materials asserted to be privileged or protected (including copies or summaries thereof) have been inadvertently produced, the receiving party shall promptly return all such material (and any copies that may have been made and may have been distributed) to the producing party within five (5) business days of such notice. Until such materials are returned, the receiving party or parties shall treat the materials and the information contained therein as HIGHLY CONFIDENTIAL, and shall not subsequently furnish or disclose the same to any persons other than those persons who had the materials or the information contained therein in their possession before receipt of notification from the producing party.

7. In the event any of the parties disagrees with the designation by the producing party of any information as "Confidential," the parties will first attempt to resolve such dispute on an informal basis before presenting the dispute to the Court. Thereafter, the matter may be submitted to the Court by motion of any party. The burden of proof in any such motion shall be on the producing individual or entity to justify the propriety of the designation. Materials designated "Confidential" shall maintain that designation for all purposes unless and until this Court rules that material so designated is not Confidential.

8. Within 30 days after the final determination of this action, all Discovery Materials designated "Confidential" and all copies thereof, including but not limited to any notes or the transcriptions made therefrom, shall, upon request, be returned to counsel for the party who initially produced such Discovery Materials (unless previously permanently discarded, in which case counsel for the party to whom such materials were produced or given shall certify in writing to the counsel for the party which produced or

gave such materials that such materials have been permanently discarded), provided that copies may be kept of any Discovery Materials that have been included in papers filed with the Court.

SO ORDERED: WMM

Date: 5/24/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES<br>LIMITED PARTNERSHIP, ET AL.<br><br>Defendants. | ) | CIVIL ACTION NO. 05-195S |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

Before certain confidential information produced pursuant to the above-captioned action may be disclosed to me, I hereby agree to be bound by the Protective Order Governing Confidentiality Of Documents Provided To Intervenor Emhart, Inc. (the "Order") entered in this action. I further agree as follows:

1. I have read the Order, a copy of which is attached hereto. I will not disclose any information designated "Confidential" to any person except at the express direction and authorization of the attorney who has disclosed such information to me, and then only upon obtaining assurances that such other person has signed an Agreement similar to this.

2. I understand that if I violate the terms of the Order or this Agreement, I may be subject to a contempt of Court proceeding.

3. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Order and/or this Agreement.

Dated:__________________ ______________________________

(Signature)

_______________________________
(Print Name)

_______________________________
_______________________________
_______________________________
(Address)