IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.<br><br>Defendants. | CIVIL ACTION NO. 05-195S |

**PLAINTIFF UNITED STATES' NOTICE OF DOCUMENT PRODUCTION**

Pursuant to the Court's Orders of May 4 and 17, 2006, the United States provides this Notice of Document Production to the Court and Intervenor Emhart Industries, Inc. ("Emhart"). The United States Environmental Protection Agency ("EPA") is producing to Emhart approximately 11,175 pages of documents from its files related to the ability to pay aspects of the settlements contained in the proposed Consent Decrees with Brook Village Associates and Centerdale Manor Associates. Some of these documents (stamped as "Confidential") are subject to the joint Protective Order Governing Confidentiality filed with the Court. As further described below, the United States is also withholding documents from production on the basis of one or more assertions of privilege. Brook Village and Centerdale Manor, as described in their submission to the Court on discovery, are submitting a log of documents to the Court, along with the documents for an *in camera* review, and withholding these documents from production on the basis of confidentiality claims.

Within the approximately 11,175 pages of documents being produced to Emhart are items

ordered to be produced in the Court's Order of May 4, 2006, including:

1. The Rhode Island Housing Underwriting Model for Brook Village dated July 6, 2004;
2. The Rhode Island Housing Underwriting Model for Centerdale Manor dated Nov. 5, 2004[1];
3. All Financial Statements for Centerdale Manor, including those from 1999-2003;
4. All Financial Statements for Brook Village, including those from 1999-2003;
5. Centerdale Manor's response to CERCLA Section 104(e) information requests from EPA; and,
6. Brook Village's response to CERCLA Section 104(e) information requests from EPA.

Both Centerdale Manor and Brook Village's responses to EPA's information requests included a large number of documents such as financial statements, insurance policies, tax returns, business records, and other materials responsive to EPA's broad inquiries under the law. In all of the categories of documents described above, either the United States, Brook Village, or Centerdale Manor have, consistent with the Court's Order of May 4, 2006, redacted or removed information regarding the finances of the general partners, limited partners, and other entities that constitute Brook Village and Centerdale Manor.

The United States is withholding from production approximately 975 pages of documents over which it is asserting either the Attorney Client or Attorney Work Product privileges. The United States is producing a privilege log regarding these documents to Emhart attached hereto. The United States is also producing, pursuant to the Court's Order of May 4, 2006, the privilege

---

[1] In earlier submissions to the Court this document was inadvertently referred to as dated November 11, 2004, the correct date is November 5, 2004.

log and a copy of each document to the Court for an *in camera* review. These documents are being filed with the Court under seal. The privilege log contains a detailed description of each document, and the basis for the privilege asserted by the United States.

The United States has asserted an Attorney Client privilege claim over documents in which counsel for the United States (which includes counsel from EPA, the Department of Justice ("DOJ"), the Department of the Interior, and the Department of Commerce) are partaking in confidential legal discussions or analyses of this case with their client agency components either within their own agency or within another component agency of the United States. These discussions or analyses relate to general legal case strategy or to the legal terms of the proposed ability to pay settlement with the settling defendants.

The United States has asserted Attorney Work Product Immunity pursuant to Federal Rules of Civil Procedure Rule 26(b)(3) over documents prepared by, or at the request of, counsel for the United States (primarily counsel for EPA), in the context of preparing this case for filing and litigation. These documents contain the opinions and analyses of counsel for the United States on the numerous legal and factual issues that arose in the context of the proposed ability to pay settlement with the settling defendants. The bulk of these documents involve the notes or communications of counsel to EPA in their interaction with the financial consultants at Industrial Economics Inc. they directed to perform financial analyses and provide them advice, as well as communications regarding, and drafts of, possible terms of settlement. The production of the work product of United States' counsel contained in these documents would reveal their opinions and legal theories related to this case.

The Courts Order of May 4, 2006 required EPA to provide to Emhart an explanation for a

number of specific items described in the Declaration of Joan Meyer.

1. Centerdale Manor's "Environmental expenses": These line items include certain costs of Centerdale Manor Associates, as a Potentially Responsible Party (PRP) in the Centerdale Manor Superfund Site enforcement matter during the partnership's 2001-2003 fiscal years. These costs included response and defense costs related to performance of cleanup work at the Site under EPA's first and second administrative orders issued to four PRPs, including Centerdale Manor Associates, certain joint PRP efforts to assist EPA in identification of additional parties, responses to EPA's request for technical comments on its investigations and studies of the Site, and efforts to reach the current settlement agreement with the United States and the State of Rhode Island.

2. Centerdale Manor's "Entity expenses": This line item includes $5,000 accrued annually for the fiscal years 1999-2003, as shown on Table B-1 of the Meyer Declaration, pursuant to Centerdale Manor's Management Services Agreement, as well as certain bank charges and tax preparation fees ($507) charged to "entity expenses" for the partnership in its 1999 audited financial statement. As noted on the 2003 audited financials for the partnership, an additional $75,000 was accrued (but not paid) as an entity expense pursuant to an agreement with Cornerstone Corporation, managing agent for Centerdale Manor Associates, with respect to oversight of EPA's enforcement measures, investigation and cleanup activities on the Site (including work on the Centerdale Manor property). Centerdale Manor has advised that this accrued amount and agreement with Cornerstone will be superseded and rendered void by the proposed settlement and Consent Decree.

3. Brook Village's Antenna Rental & Insurance -- Income received from the rental of space on the building for cell phone antennas and from insurance claims made regarding damage to the building from claims unrelated to environmental issues.

4. Legal and Professional Fees: Expenses incurred by Brook Village Associates as a Potentially Responsible Party (PRP) in the Centerdale Manor Superfund Site enforcement matter. Costs include factual investigation concerning history of the Site and legal analyses concerning liability under federal and state environmental laws, efforts to establish statutory defenses, including third party defense and innocent landowner defenses, efforts to identify other potentially responsible parties, insurance coverage litigation against Brook Village's three insurance carriers, and negotiations with United States and the State of Rhode Island in an effort to settle Brook Village's environmental liabilities.

5. Insurance Recoveries: Income received from insurance carriers under a stipulated agreement whereby insurance carriers would pay a fraction of Brook Village's defense costs relating to its status as a PRP at the Centerdale Manor Superfund Site.

6. Partnership Income-PRP/interest Expense - Expenses incurred by Brook Village Associates relating to remediation of the Centerdale Manor Superfund Site. Costs include performance of cleanup work pursuant EPA administrative orders, certain joint PRP efforts to assist EPA in identification of additional PRPs, and responses to EPA's request for technical comments on its investigations and studies of the Site.

Pursuant to the Court's Order of May 17, 2006, the United States is required to submit an inventory of its overall settlement file on this case. The United States provides such an inventory

below. However, the United States has not excluded any category of documents even if such category may only contain privileged or confidential information. The overall settlement file maintained by EPA includes:

1. Draft consent decrees, including complete drafts and excerpts;
2. Letters exchanged between counsel for EPA and DOJ and counsel for the Settling Defendants transmitting draft consent decrees;
3. Emails exchanged between counsel for EPA and DOJ and counsel for the Settling Defendants discussing the drafting of certain consent decree paragraphs;
4. Emails exchanged between counsel for EPA and DOJ and counsel for the Settling Defendants discussing issues raised during the settlement negotiations;
5. Emails exchanged between counsel for EPA and DOJ discussing the drafting of certain consent decree paragraphs;
6. Emails exchanged between counsel for EPA and DOJ discussing issues raised during the settlement negotiations;
7. Letters exchanged between counsel for EPA and counsel for the Settling Defendants addressing liability defenses raised by the Settling Defendants during settlement negotiations;
8. Drafts of letters exchanged between counsel for EPA and counsel for the Settling Defendants addressing liability defenses raised by the Settling Defendants during settlement negotiations;
9. Emails exchanged between EPA's counsel and other representatives of EPA personnel, including management or technical program clients discussing and seeking review and

comment on draft consent decrees and/or other issues raised during the negotiations;

10. Emails exchanged between EPA's counsel and other representatives of EPA personnel, including management or the technical program client, concerning counsel's recommendations relating to issues raised during the settlement negotiations;
11. Memoranda prepared by EPA's counsel analyzing the potential settlements and/or certain settlement terms;
12. Drafts of memoranda prepared by EPA's counsel analyzing the potential settlements and/or certain settlement terms;
13. Emails exchanged among EPA's counsel; counsel for DOJ; and other representatives of EPA personnel, including management or the technical program client, discussing and analyzing any liability defenses raised by the Settling Defendants;
14. Letters received from, and responses provided to, elected officials inquiring into the status of the discussions between EPA and the Settling Defendants;
15. Draft responses to letters received from elected officials and emails exchanged among counsel for EPA and representatives of EPA's technical program client seeking review and comment on the draft responses;
16. Letters and emails exchanged among counsel for EPA and counsel for the State of Rhode Island concerning the settlement negotiations and draft consent decree provisions;
17. Emails exchanged between counsel for EPA and counsel for Rhode Island Housing discussing issues raised during the settlement negotiations and the drafting of the settlement terms;
18. Emails exchanged between counsel for EPA; counsel for DOJ; and counsel for the

Department of the Interior concerning natural resource damages claims;

19. Letters and emails exchanged among counsel for EPA; DOJ; the State of Rhode Island; Rhode Island Housing and the Settling Defendants concerning the signing of the final consent decrees; and,

20. Emails exchanged among counsel for EPA; DOJ; the State of Rhode Island; Rhode Island Housing; Industrial Economics (EPA's financial analyst); and the Settling Defendants concerning the scheduling of conference calls and meetings.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-7162

ROBERT CLARK CORRENTE
United States Attorney

By:

LUIS MATOS (R.I. Bar No. 4475)
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903
(401) 709-5000

Attachment

OF COUNSEL:

EVE VAUDO
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress St., Suite 1100
Boston, Ma. 02114-2023

CERTIFICATE OF SERVICE

I, Jerome W. MacLaughlin, hereby certify that copies of the United States' Notice of Document Production was served on May 24, 2006 by first class mail, postage prepaid, and by electronic mail, as follows:

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, Ma. 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, R.I. 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corp.
44 Washington St.
Providence, RI. 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI. 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, R.I. 02903
Ttierney@riag.ri.gov

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116
jcmuys@swidlaw.com

Craig Scott
Duffy Sweeny & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
cscott@duffysweeney.com

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

Jerome W. MacLaughlin
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611