**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP and<br><br>CENTERDALE MANOR ASSOCIATES LIMITED PARTNERSHIP,<br><br>Defendants. | ) | No. 05-195S |

**SUBMISSION OF INTERVENOR EMHART INDUSTRIES, INC. REGARDING THE COURT'S INQUIRY WITH RESPECT TO THE ISSUE OF RECUSAL**

Pursuant to the Court's directive at the hearing of July 17, 2006, Intervenor Emhart Industries, Inc. ("Emhart") respectfully tenders the following points for the Court's consideration as it addresses the question of disqualification which the Court raised at the aforesaid hearing.

**BACKGROUND**

The Information Statement filed by Defendant Centerdale Manor Associates Limited Partnership ("CMALP") on July 19, 2006, provides information in two categories.

First, in a section entitled "Interest in Centerdale Manor," CMALP discusses Mr. Marshall's interest in CMALP. CMALP demonstrates (a) that Mr. Marshall has a 4% ownership interest in Centerdale Associates Limited Partnership ("CMLP") which, in turn holds a 1% ownership interest in CMALP, (b) that Mr. Marshall holds a 98.5% ownership interest in C/S Housing Associates LP, which in turn holds a .7% ownership interest in CMALP, and (c) that Mr. Marshall's "ownership interest" in CMALP therefore totals "less than three quarters of one percent." (Information Statement at 2-3 and Exhibit 1.)

CMALP also confirms that "Mr. Marshall is a general partner of Centerdale Associates LP, which is one of the two general partners of CMALP. (Information Statement at 3)

Finally, CMALP discloses in the first section of its Information Statement that "Mr. Marshall has advanced funds to CMALP for certain expenses incurred in connection with its obligations to EPA, defense and settlement of this matter, which indebtedness will be paid . . . as part of the refinancing." (Information Statement at 4.) CMALP provides no other information about the nature or amount of these loans but they appear to be certain amounts reflected in Table C-2 of the Meyer Declaration, which is entitled "Centerdale Manor: Calculation of Proposed Contribution" and which discloses, in a section entitled "Uses of funds," that $728,921 will be paid for "Outstanding legal costs (repayment of EPA response and defense.)"

Second, in a section entitled "Information concerning contact with Judge William C. Smith," CMALP provides information regarding service by Mr. Marshall and Judge Smith on the Board of Governors of the University Club of Providence, the appointment of Mr. Marshall and Judge Smith to serve on the Club's long range planning committee, and Judge Smith's withdrawal from that committee.

**DISCUSSION**

1. With respect to Mr. Marshall's interest in CMALP, Emhart is concerned that the information provided in the Information Statement does not reflect or address the true extent of Mr. Marshall's interest in the outcome of these proceedings. Although his ownership interest in CMALP is limited, Mr. Marshall, nevertheless, is a former General Partner of CMALP and a General Partner of CALP which, in turn, is one of the two General Partners of CMALP.

Under black-letter Rhode Island law, the General Partner of a partnership is liable for all of the liabilities of the partnership. Rhode Island General Laws Section 7-13-24 provides that "a

general partner in a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners." In partnerships without limited partners, all partners are jointly liable for debts and obligations of the partnership such as those at issue here. R.I. Gen. Laws § 7-12-26 (a)(2). Mr. Marshall, therefore, is ultimately liable for the environmental liabilities of CMALP, because those liabilities, to the extent that they are assessed against CMALP, must ultimately be paid for by CMALP and, if not by CMALP, by the General Partner of CMALP, which is CALP, and, if not by CALP, then by the General Partner of CALP – Mr. Marshall.

Thus, Mr. Marshall has a real and material interest in whether the proposed CMALP Consent Decree is approved, because that Consent Decree would provide contribution protection -- *i.e.*, absolute immunity against any environmental claims arising out of involvement with CMALP's operations at what is now the Centredale Manor Restoration Project Superfund Site – to CMALP's "current and former general and limited partners." (Proposed CMALP Consent Decree, ¶ 28, at 14-15.) This provision, of course, is one of the important issues in the Court's forthcoming determination of whether or not to enter the proposed Consent Decrees. Mr. Marshall obviously has a significant interest in the resolution of the general partner contribution protection issue.

In addition, Mr. Marshall, it is now disclosed, will be reimbursed out of the proposed CMALP re-financing for funds which he has advanced to CMALP, in the apparent amount of more than $728,000 – <u>if</u> the proposed CMALP Consent Decree is approved and entered. In this respect, also, Mr. Marshall has a substantial interest in the outcome of the Court's ruling on the proposed CMALP Consent Decree.

2. With respect to the relationship between Mr. Marshall and Judge Smith, Emhart

respectfully suggests that the issue which the Court must resolve does not turn merely upon the specifics of Mr. Marshall's and Judge Smith's participation or non-participation in the work of the long range planning committee of the University Club, as is discussed in the Information Statement. Instead, the Court's determination of whether or not to disqualify itself from this case must turn on the nature and scope of the relationship between Mr. Marshall and Judge Smith. Emhart is not privy to any information regarding that relationship, other than the Court's statement at the July 18th hearing that "I know Mr. Marshall pretty well" (Tr. 5), and thus is not in a position to offer specific analytical points about the relationship for the Court's consideration. Only the Court has sufficient information to make the objective appearance determination required by 28 U.S.C. § 455(a).

## CONCLUSION

Under these circumstances, Emhart cannot waive any potential or apparent partiality, and Emhart respectfully observes that Mr. Marshall's material financial interest in the entry *vel non* of the proposed CMALP Consent Decree, together with the Court's assessment that it "know[s] Mr. Marshall pretty well," would seem to counsel in favor of disqualification.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By Its Attorneys,

Craig M. Scott, Esq. (#4237)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Warren Anthony Fitch, Esq. (admitted *pro hac vice)*
L. Misha Preheim, Esq. (admitted *pro hac vice)*
BINGHAM McCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000, -6695
(202) 373-6001 (Facsimile)

Dated: July 21, 2006.

**CERTIFICATE OF SERVICE**

I certify that on the 21st day of July, 2006, I caused a true copy of this Submission of Intervenor Emhart Industries, Inc. Regarding the Court's Inquiry With Respect to the Issue of Recusal to be forwarded to the following by electronic mail and first class mail, postage prepaid:

Jerome MacLaughlin, Esq.
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Jerry.MacLaughlin@usdoj.gov

Eve Vaudo, Esq.
Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress Street
Suite 1100 (SES)
Boston, MA 02114-2023
vaudo.eve@epamail.epa.gov

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, MA 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, RI 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, RI 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight
10 St. James Avenue, 12th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corporation
44 Washington Street
Providence, RI 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
RI Department of the Attorney General
150 North Main Street
Providence, RI 02903
Ttierney@riag.ri.gov

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com