IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.<br><br>Defendants. | CIVIL ACTION NO. 05-195S |

**PLAINTIFF UNITED STATES' RESPONSE**
**<u>REGARDING RECUSAL OF JUDGE SMITH</u>**

The United States submits this Response to Judge Smith's request to the parties at the hearing on July 17, 2006 to file briefs on whether his recusal is required under the United States Code provisions for Judicial Procedure, 28 U.S.C. § 455. For the reasons set forth herein, the United States does not believe that the recusal of Judge Smith is required under the Judicial Procedure provisions.

## I. BACKGROUND

Judge Smith requested statements from the parties regarding whether or not he needs to recuse himself from this case based on his personal contacts with Jack Marshall. Mr. Marshall is a partner in two of the three partnerships that constitute Centerdale Associates Limited Partnership, the named defendant in one of the Complaints filed by the United States and Rhode Island in this matter. According to Judge Smith, he is personally acquainted with Mr. Marshall

through their membership and involvement in the University Club of Providence.

The United States Environmental Protection Agency ("EPA") has, during the course of this matter, sent information requests to Centerdale Manor Associates Limited Partnership and its general partners Centerdale Associates Limited Partnership and C/S Housing Associates Limited Partnership pursuant to CERCLA Section 104(e)(5), 42 U.S.C. § 9604(e)(5). The United States has reviewed the materials submitted by Centerdale Manor Associates Limited Partnership in its Information Statement dated July 19, 2006 and attached thereto as exhibits. These documents appear to be accurate copies of the materials submitted to EPA.[1] Based on the United States' review of the documents it received in response to CERCLA information requests, it appears that Centerdale Manor Associates Limited Partnership accurately describes the status of Mr. Jack Marshall within the partners that constitute Centerdale Manor Associates Limited Partnership. In summary, Mr. Marshall has a less than one percent interest in Centerdale Manor Associates Limited Partnership.

## II. LEGAL STANDARD FOR JUDICIAL REVIEW

A federal judge must recuse himself where "his impartiality might reasonably be questioned" or where a federal judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b)(1). The First Circuit has set forth its standards for deciding whether a federal judge is impartial, prejudiced, or biased. First, a charge of partiality must be supported by a factual basis; rumors, innuendos, and erroneous information, even if stated as fact in newspapers,

---

[1] Some of these documents were previously produced to Emhart by the United States, others were not produced as they were not covered by the Court's discovery order of May 4, 2006. Documents that were produced have a bates number in the lower right hand corner beginning with the code "CEN."

are insufficient proof of partiality to require recusal. In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981) [hereinafter "In re U.S. I"]). Second, disqualification is only appropriate if, "a reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality." Id. (citing In re U.S. I, 666 F.2d at 695); In re United States, 441 F.3d 44, 57 (1st Cir. 2006) (quoting In re Allied-Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989) [hereinafter "In re U.S. II"]; Comfort v. Lynn School Committee, 418 F.3d 1 (1st Cir. 2005). A judge does not have to be subjectively prejudiced or biased, so long as he appears to be so. In re U.S. II, 441 F.3d at 66 (citing Liteky v. United States, 510 U.S. 540, 553 n.2 (1994)). Third, the First Circuit allows federal judges "a range of discretion" in making recusal determinations. In re Allied-Signal, 891 F.2d at 970 (citing In re U.S. I, 666 F.2d at 685). A federal judge has a duty not to recuse himself if the above standards have not been met. In re U.S. II, 441 F.3d at 67. Thus, recusal is only necessary where the judge's decision to sit "cannot be defended as a rational conclusion supported by reasonable reading of the record." In re Allied-Signal, 891 F.2d at 970 (quoting In re U.S. I, 666 F.2d at 695).

Other Circuit Courts have also set a similar high threshold for recusal, finding that recusal is only necessary where the risk for impartiality is out of the ordinary. Hook v. McDade, 89 F.3d 350 (7th Cir. 1996) (quoting In re Matter of Bradford Mason, 916 F.2d 384, 385-86 (7th Cir. 1990). To assume that "any judge would ignore the law and his solemn oath" would be mere speculation. Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003) (citing Hadler v. Union Bank & Trust Co., 765 F.Supp. 976, 978 (S.D. Ind. 1991)); see also, Morgan v. Clarke, 309 F.3d 516, 518 (8th Cir. 2002); Rep. of Panama v. American Tobacco Co., 265 F.3d

299 (5th Cir. 2001).

Courts have consistently held that mere friendship with an attorney or party litigant, without any other evidence, is insufficient to prove the impartiality, bias, or prejudice necessary for recusal under 28 U.S.C. § 455(a)-(b)(1). In a case involving allegations that a federal judge was biased towards a friend, the First Circuit concluded in finding that the judge was not impartial that "it is beyond contemplation that such gratitude would be of the weight necessary to cause a judge to jettison his impartiality and, in open court day after day, to violate his deepest professional and ethical commitments as a judge." In re U.S. I at 696. The Seventh Circuit found that a friendship required recusal only where an "association exceeds 'what might reasonably be expected' in light of the associational activities of an ordinary judge". United States v. Murphy 768 F.2d 1519, 1538 (7th Cir. 1985). In a recent Supreme Court case, Justice Scalia held that his personal contact and alleged friendship with Vice President Richard Cheney was not sufficient grounds to recuse himself. Cheney v. U.S. District Court for D.C., 541 U.S. 913 (2004) (mem. of Scalia).

It would be difficult for Judges to preside over cases in smaller judicial districts or divisions if a judge had to recuse himself every time he knew an interested party; "[i]f merely knowing or being associated with important people were enough to require a judge to disqualify herself from a case, there would be few judges to hear cases, excepting those who are political and social eunuchs." Sexson v. Servaas, 830 F.Supp. 475, 479 (S.D. Ind. 1993). See also In re Allied-Signal, 891 F.2d at 971 (stating that in Puerto Rico, it is "common circumstance" that a judge may have some association with attorneys); see also TV Communication Network, Inc. v. ESPN, Inc., 767 F.Supp. 1077, 1079 (D.Colo. 1991) (stating, "when a judge presides in an area

where he and his family have lived for one or more generations, the number of people who have, directly, or indirectly, helped family members, relatives, close friends, and friends of friends would form a large and indeterminate community") (internal quotations and citations omitted)).

## III. ARGUMENT

Under the test established by the First Circuit, there is no basis for the recusal of Judge Smith from this case. First the facts, as known to the United States based on Judge Smith's description of the contacts between himself and Mr. Marshall, and assuming as correct the further information provided by Centerdale Associates Limited Partnership in its Information Statement dated July 19, 2006, do not indicate a level of association or friendship between Judge Smith and Mr. Marshall that would require consideration of recusal. It would come as no surprise to a reasonable observer of the case that Judge Smith and Mr. Marshall may have made an acquaintance at some point during their lives in Rhode Island, nor would this observer be surprised to find that they are members of the same club. Furthermore, the absence of any familial relationship between Judge Smith and Mr. Marshall, the absence of any financial relationship between Judge Smith and Mr. Marshall, and the absence of any evidence that Judge Smith might in any way "owe" Mr. Marshall any favoritism would indicate that a reasonable observer would have no factual basis to question the impartiality of Judge Smith.

Second, no reasonable member of the public would question the impartiality of Judge Smith presiding over a matter in which he knows someone who has a less than one percent interest in one of the two Defendants in the case. In a case involving two parties who are partnerships consisting of multiple additional partnerships, a reasonable observer of the case would be unable to find a bias on the part of Judge Smith towards a person or entity with as small

an interest as Mr. Marshall's. This is not a case in which Mr. Marshall is himself one of the parties, or a case in which he controls a major share of one of the parties. In addition, Mr. Marshall's possible financial benefit from resolving any liability under CERCLA that he might have is severely restricted by the terms of the proposed Consent Decree which requires that the property be used for subsidized elderly housing for the next 40 years.

Furthermore, there is no evidence or indication that Judge Smith is subjectively biased for or against Mr. Marshall, and certainly there is no evidence that Judge Smith is objectively biased for or against Mr. Marshall. The proposed Consent Decree against Centerdale Associates Limited Partnership does not give any specialized treatment to Mr. Marshall. Instead the Decree would give a release from liability for a broad class of entities related to Centerdale Associates Limited Partnership including its current and former general and limited partners, and their officers, directors, heirs, successors and assigns.

Finally, upon assuming his office, Judge Smith took an oath prescribed by 28 U.S.C. § 453 to "administer justice without respect to persons, and do equal right to the poor and to the rich," and to "faithfully and impartially discharge and perform" his duties under the Constitution. Such an oath has a great deal of importance, not only to the judge who swears to such an oath, but also to an objective observer of the judge's conduct on the bench. Knowing that each federal judge swears to this oath should lead an objective observer to conclude that an appearance of impartiality would have to be very clearly established by the facts.

## CONCLUSION

No reasonable observer of this case would expect the relationship between Judge Smith and Mr. Marshall to be one that could possibly influence Judge Smith to act in an impartial way.

Furthermore the same reasonable observer of the case would find it unlikely that Judge Smith would be inclined to act impartially given the serious nature of such an offense in comparison to the very small, less than one percent, interest that Mr. Marshall has in Centerdale Associates Limited Partnership.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

JEROME W. MACLAUGHLIN
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

ROBERT CLARK CORRENTE
United States Attorney

By:

LUIS MATOS (R.I. Bar No. 4475)
Assistant United States Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903
(401) 709-5000

OF COUNSEL:

EVE VAUDO
U.S. Environmental Protection Agency
New England Region
One Congress St., Suite 1100
Boston, Ma. 02114-2023

CERTIFICATE OF SERVICE

I, Jerome W. MacLaughlin, hereby certify that copies of the United States' Response Regarding Recusal of Judge Smith was served on July 21th, 2006 by first class mail, postage prepaid, and by electronic mail, as follows:

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, Ma. 02210-2600
lburt@foleyhoag.com

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903
rwelch@mosesafonso.com

William S. Eggeling
Ropes & Gray LLP
30 Kennedy Plaza
Providence, R.I. 02903
William.Eggeling@ropesgray.com

Howard J. Castleman, Esq.
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
howard.castleman@hklaw.com

Michael Milito, Esq.
Rhode Island Housing and Mortgage Finance Corp.
44 Washington St.
Providence, RI. 02903
mmilito@rihousing.com

Brian Wagner, Esq.
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI. 02908-5767
brian.wagner@dem.ri.gov

Terrence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main St.
Providence, R.I. 02903
Ttierney@riag.ri.gov

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116
jcmuys@swidlaw.com

Craig Scott
Duffy Sweeny & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
cscott@duffysweeney.com

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
jray@rc.com

Jerome W. MacLaughlin
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611