**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP, ET AL.**<br><br>**Defendants.** | **CIVIL ACTION NO. 05-195S** |

**BROOK VILLAGE'S MEMORANDUM RESPONSE**
**TO COURT'S RECUSAL INQUIRY**

Brook Village Associates Limited Partnership ("Brook Village") hereby responds to the Court's invitation for memoranda on the questions raised *sua sponte* during Tuesday's hearing on the Government's motion for approval of its settlements with Brook Village and Centerdale Manor Associates ("Centerdale Manor"). At that hearing, the Court advised the parties of its acquaintanceship with John L. Marshall III, who was described in some materials filed by Intervenor/Objector Emhart as being affiliated with Centerdale Manor.

Brook Village has no direct information regarding the nature and extent of Mr. Marshall's interests in Centerdale Manor. It therefore accepts, for the purposes of this response at least, the explanation and analysis of those facts put forth by Centerdale Manor in its submissions. Based upon those facts, and more importantly upon the relevant authorities, Brook Village submits that recusal is neither necessary nor appropriate. It therefore respectfully

requests that the Court resume as soon as reasonably possible[1] the hearing dedicated to a review of the proposed consent decrees.

No one has suggested that there is anything about Mr. Marshall's relationship to this matter or to the Court that would require recusal pursuant to the more express provisions of 28 USC §455(b). Thus, it appears that any issue must be considered in light of the general appearance-of-impartiality directive of §455(a) as well as of its more hortatory counterpart, the CODE OF CONDUCT FOR UNITED STATES JUDGES, at Canons 2A-B and esp. 3(C)(1) . Those provisions suggest that a Judge should consider recusal only[2] when he or she can satisfy themselves that a reasonably objective third party aware of all the facts would conclude that the Judge's continued service would display a lack of impartiality. No such conclusion could be drawn by any reasonable person on the facts as thus far sketched.

There is nothing about the Court's disclosed contacts with Mr. Marshall that would suggest to a reasonably objective third party that the Court could not render a fair and impartial decision on the issues in this case, regardless of the potential impact of such decisions upon Marshall, a non-party. Rhode Island is, after all, a small state, and no one with an understanding of the overlapping and frequently concentric nature of its social, professional and educational circles would doubt that many of the matters that come before its Judges might have some impact upon persons whom they know. Moreover, reasonable members of that community cannot, and we believe do not, blithely assume that members of the federal and state judiciaries are unable to ignore their former, or continuing, interactions with other community members

[1] At least one of Brook Village's attorneys can attend the resumption of that hearing at the times/dates next week when Centerdale's counsel has indicated she could be available. Those dates are therefore feasible, indeed desirable, from our perspective.

[2] We are confident the Court will strive to carry out its obligation to decide this case unless recusal is in fact required by the law, *see, e.g.*, Obert v. Republic Western Ins. Co., 190 F. Supp. 279, 284-285 (D.R.I. 2002), Blizard v. Frechette, 601 F. 2d 1217, 1221 (1st Cir. 1979), and therefore will not repeat in this submission the distinctions between Brook Village and Centerdale and the potential unfairness to Brook Village from further delay in resolving its settlement with the Government.

when discharging their official responsibilities. We submit that it would instead be quite unreasonable, and ultimately quite unfair, to presume that the thoughtful[3] members of such a community generally believe such contacts necessarily so infect trained and dedicated judges as to prevent them from rendering the justice they have sworn to provide.

We think it thus not surprising that we have found no cases suggesting that a Judge should recuse himself on the basis of contacts such as those identified between this Court and Mr. Marshall, and that those few cases we have found that seem to have considered marginally similar grounds for possible recusal have rejected that course. *See* Baker v. Detroit, 458 F. Supp. 374 (Court declined to recuse itself despite being admitted friend and supporter of Mayor, who was nominal party to case against his City); Warner v. Global Resources PLC, 545 F. Supp. 1298 (Court declined to recuse itself in case brought by acquaintance who had been active supporter of Judge's nomination to the bench). We believe it should be considered similarly instructive that in those instances in which recusal *was* undertaken, or even appeared to have been seriously considered, the facts invariably involved much more intimate and extensive relationships between judicial official and litigant than are, or could be suggested to be, present here. *See generally:* Judge's Personal and Professional Acquaintanceships, Courts and Judicial System §20.77, FEDERAL PROCEDURE L. ED. (2005); Construction and Application of 28 U.S.C.A. Sec. 455(a) Providing for Disqualification of Justice, Judge Magistrate, or Referee in Bankruptcy in Any Proceeding in Which His Impartiality Might Reasonably Be Questioned, 40 A.L.R. FED. 954.

---

[3] N.B. Court must ask how the facts would appear to a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person. Sensley v. Albritton, 385 F.3d 591 (5th Cir. 2004).

Based upon these authorities, and upon our commonsense estimate of the impact of these facts upon the hypothetically reasonable third-party observer, we submit recusal is not warranted.

**BROOK VILLAGE ASSOCIATES LIMITED PARTNERSHIP**

By its attorneys,

William S. Eggeling
(RI Bar #4008)
Ropes & Gray LLP
30 Kennedy Plaza
Providence, RI 02903
(401) 455-4400

Howard J. Castleman
(*pro hac vice*)
Holland & Knight LLP
10 St. James Avenue-11th Floor
Boston, MA 02116

## CERTIFICATE OF SERVICE

I, William S. Eggeling, hereby certify that copies of Brook Village's Memorandum Response to Court's Recusal Inquiry were served on July 21, 2006 by first class mail, postage prepaid, as follows:

Henry S. Friedman
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Laurie Burt, Esq.
Foley Hoag
Seaport World Trade Center
155 Seaport Blvd.
Boston, MA 02210-2600

Richard J. Welch
Moses & Afonso
170 Westminster Street, Suite 201
Providence, R.I. 02903

Michael Milito
Rhode Island Housing and Mortgage Finance Corporation
44 Washington Street
Providence, RI 02903

Brian Wagner
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908-5767

Terrence Tierney
Assistant Attorney General
R.I. Department of the Attorney General
150 North Main Street
Providence, RI 02903

Jerome C. Muys, Jr.
Swidler Berlin
The Washington Harbour
3000 K. Street, N.W., Suite 300
Washington, D.C. 20007-5116

James P. Ray
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

William S. Eggeling
(RI Bar #4008)
Ropes & Gray LLP
30 Kennedy Plaza
Providence, RI 02903
(401) 455-4400